**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rosa Alicia CANAS, Defendant–**
**Appellant.**

**No. 12–50308.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 3, 2013.

Curtis A. Kin, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn Ann Young, FPDCA–Federal Public Defender'S Office, Los Angeles, CA, Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Rosa Alicia Canas appeals from the district court's judgment and challenges the three-year term of supervised release imposed following her guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm, but remand with instructions to the district court to enter a corrected judgment.

Canas contends that the district court procedurally erred by failing to consider and explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a deportable alien. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered the probation officer's recommendation in favor of a term of supervised release and determined that a supervised release term was warranted. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir.2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.").

Canas also challenges the term of supervised release as substantively unreasonable. The district court did not abuse its discretion in imposing a three-year term of supervised release. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The term is substan-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including the need to deter. *See United States v. Valdavinos–Torres*, 704 F.3d 679, 692–93 (9th Cir.2012); *see also* U.S.S.G. § 5D 1.1(c) cmt. n. 5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.